IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALICIA ROBINSON, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:11-CV-036-B |
| | ) | |
| ARAMARK, | ) | |
|     Defendant. | ) | |

## FINDINGS CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

## BACKGROUND

Plaintiff filed this complaint against Defendant Aramark for employment discrimination. Plaintiff is proceeding pro se and the Court has granted her leave to proceed *in forma pauperis*. The Court has not issued process pending judicial screening.

Plaintiff is a former employee of Defendant Aramark. She states Aramark unlawfully terminated her employment in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*. She also states she was subject to sexual harassment while employed, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e, *et seq*.

## SCREENING

A district court may summarily dismiss a complaint filed in forma pauperis if it concludes, inter alia, that the action is "frivolous or malicious." 28 U.S.C. §1915(e)(2)(B)(I).

An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Henson-El v. Williams*, 923 F.2d 51, 53 (5th Cir. 1991). A complaint is without an arguable basis in law if it is grounded upon a discredited or untenable legal theory. *Neitzke*, 490 U.S. at 325. A claim is factually frivolous when "the facts alleged are 'fantastic or delusional scenarios' or the legal theory upon which a complaint relies is 'indisputably meritless.'" *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999); see also *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

**DISCUSSION**

Under Title VII and the ADA, a Plaintiff must exhaust administrative remedies before filing suit in federal court. *See Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002). In this case, Plaintiff states she exhausted her administrative remedies, but that she no longer has a copy of this paperwork. The Court will assume, for the purposes of this order, that Plaintiff has exhausted her claims.

Plaintiff's claims, however, are barred by the statute of limitations. Title VII and the ADA require that an aggrieved party file suit in federal court within ninety days after being notified of her right to sue by the EEOC. 42 U.S.C. § 2000e-5(f)(1); *see also, Price v. Digital Equipment Corp.*, 846 F.2d 1026, 1027 (5th Cir. 1988). In this case, Plaintiff states she received her right-to-sue letter on February 8, 2010. (Magistrate Judge's Questionnaire, Answer No. 2.) She did not file this federal complaint until January 6, 2011. Her complaint is therefore untimely.

While the statute of limitations is subject to equitable tolling in appropriate cases, "[f]ederal courts have typically extended equitable relief only sparingly." *Rowe v. Sullivan*, 967

F.2d 186, 192 (5th Cir. 1992). The Fifth Circuit has allowed equitable tolling "where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Id.*

In this case, Plaintiff filed her complaint eight months late. She has not shown that she diligently pursued her judicial remedies or that she was induced or tricked into filing her complaint after the deadline. Plaintiff has not shown she is entitled to equitable tolling.

**RECOMMENDATION**

The Court recommends that Plaintiff's complaint be dismissed as barred by the statute of limitations.

Signed this 24th day of March, 2011.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).